Final matter, number 171810 and number 181936, Jessica Oquendo-Lorenzo et al. v. Hospital San Antonio, Inc. Good morning again. This is Dr. Carlos Martinez-Villegas for Hospital San Antonio, San Antonio, and in this case, I will request to reserve five minutes for rebuttal. Five minutes, okay. In this case, the standard liability limits and immunity applies to Hospital San Antonio because Article 41050 and including Law 278 from 2012 and the same purpose, Law 150 of 2013 especially provided it because Act 260 of December 2006 also provided under the language that the properties of the municipality that are administered by a private company with the language regardless of where the institution is being administered or not administered by a private entity. The District Court erred by ruling against Hospital San Antonio liability cap under Article 41050 based on speculation inasmuch repeatedly stated through the whole decision the ambiguity and tension as to the third paragraph of Article 41050. Particular between the second sentence and the last sentence as well as uncertainties and speculation as to the history and intention related to Law 278 of 2012. The District Court erroneously concluded that there is no clear precedent failing to follow all cases already decided in the Puerto Rico Court and Federal Court in favor of the liability cap and the immunity to the decision of Hospital San Antonio. Due to court conclusions, the court failed to certify the matter because found that there was a dubious language that was forced to certify. It is uncontested and ruled by the court that the statement of notice of Law 278 of 2012 clearly states that Hospital is a property of the municipality of Miami West and certainly and clearly extends to Hospital San Antonio the limits of liability of the Commonwealth of Puerto Rico. Having the court found ambiguity as to the plain language of Article 41050, the court was required to construe the law according to the statement of notice and decides in favor of liability. That's the Puerto Rico law and the cases are cited in the brief and in the reply brief. According to the uncontested facts, Hospital San Antonio was at the time a property of the municipality. There is a type of error in the reply in page two, in page 21st line that says that those cases in Hospital San Antonio, those cases in Hospital San Antonio, those cases in Hospital San Antonio. The alleged tension and ambiguity stated by the district court is dissipated by Law 99 that acknowledged or reaffirmed what was already the law in Puerto Rico. It is stated that the Hospital San Antonio is entitled to the liability limits under Article 4150 and also under Law 260 of, at least from 260 of 2006 that amend the Law 104. Article 104 is our opinion and request that the court must give deference to Law 99 of 2017 being the expression of the legislation. Hospital San Antonio, as any party, has after an adverse judgment has the right to file a motion under Rule 60B as it did in this case. The tension of the alleged tension as to the second and last sentence of paragraph, of the third paragraph of Law 278 was dissipated by Law 99. And it's our opinion that there is no that tension. It's only the position that the second sentence confers immunity to the decisions and the obligatory conclusion then is that the last sentence provides the cap to the institution. The district court speculates or did in a speculating manner stating that the legislative history of Law 278 of 2012 does not favor the liability cap to Hospital San Antonio referring to a change of law from the Senate bill. But as I mentioned before, the norm in Puerto Rico is to analyze the legislative intention to look to the statements of motives. The statement of motives remaining intact and the statement of votes clearly granted the Hospital San Antonio the liability cap stating that it was unjustified not to give it because it was given before to Centro Medico of Mayaguez since the law of 2011. And also it was given to us to Centro Medico in Law 104 since 2006. The social purpose and in fact the public interest conferring the liability cap was expressly stated in the statement of motives of Law 278 and Law 99 of 2017 that expressed the need and the purpose of giving the liability cap to Hospital San Antonio. Although the district court referred to Law 103 omitted to discuss that Mayaguez Medical Center had the liability cap clearly in that law under Article 4150 because as I mentioned before already had it under Law 104. So if we under the even a similar argument on the premise of the court, then the change of the law from the 103 to the 278, then set aside the liability cap to Hospital San Antonio to Centro Medico de Mayaguez. And that was omitted. Centro Medico de Mayaguez all the time continued with the liability cap so Hospital San Antonio also has. Also it was confirmed in the positive report of the law that was at the end of Law 150 that mentioned the liability cap in favor of Hospital San Antonio and also it was acknowledged and confirmed on Law 99. So it is clear the right to Hospital San Antonio for the liability cap. The district court, as I mentioned, concluded that the relevant legislative history begins with the enactment of the law of 278, but it begins early. It is our opinion that the court failed to harmonize and to look at the legislative history and only construe a limit to that small paragraph of Law 278. The court, as I mentioned before, failed to consider the trend. The trend in Puerto Rico and in all cases has been to confer the liability cap to Hospital San Antonio on the immunity to the physicians. Do you agree that you need to convince us that the district court was wrong as of the time it made its decision? I understand that it was wrong at the time it did the decision because it didn't look. It's of course we find that it didn't air as of the time it made its decision. I think that was wrong because it didn't look for the same motive that was really clear. No, no, my question. Assume it was wrong when it made the decision. Assume that was wrong? Okay. Assume the district court opinion was wrong the day it was wrong the day it was issued. Do you lose? I assume that was wrong the day they made the decision. I don't understand the question really. I think... I thought what happened here is the district court made a decision. You all then made a settlement agreement. The legislature then passed a new law. Well, we made it... we never waived the issue... I'm not asking you about what you did. I just want to sequence it. Didn't the district court make a decision interpreting the law as it then stood? You then made a settlement agreement that allowed you to appeal the district court opinion on that issue and then the legislature changed the law. Yes. But you're relying on the argument that the district court was wrong when it decided the opinion. Yes, my understanding is that the court was wrong when it decided the opinion. Even prior to Law 99, I think that's your question. Under Law 270, in this case, there is no issue of receptivity. So, only looking for the laws that were enforced at the time without seeing Law 99. Under Law 278 and Law 150, it was clear that San Antonio has the right to have it. Thank you. May it please the court. I'm David Efra. I represent the appellees in this case. I won't take a very long time. This case settled two and a half years ago. And we respectfully submit that this honorable court lacks subject matter jurisdiction to consider an appeal under motion for new trial, under motion for relief of judgment, or to reconsider anything under Rule 59 or 60B. The district court did not reserve a right to reconsider the judgment and there's nothing that authorizes it to do so when the parties have reached a settlement. The settlement agreement in this case is final, unappealable, and binding upon the parties thereto. Appellees, us, plaintiffs below, in no way agreed and nor could we agree to have future laws applied retroactively to our settlement. The hospital, or rather HSA, Hospital San Antonio, Inc. I think I just heard your colleague basically say you're in agreement that the issue we should decide is whether the district court was wrong at the time it made the decision. He says it was and you say it wasn't. And I'll tell you why it wasn't. And we don't even need to look at the, we just need to look at the facts. We don't even need to look at the magistrate judge's well-written 28-page opinion on that. The hospital had its motion for summary judgment based on these same facts denied, based on the court's proper interpretation of the law in that opinion I just made reference to. Then, two days, this opinion came in a couple of days before we were to select a jury for trial. The hospital then decides to settle this case. Then, after the case is settled, the hospital goes and uses its resources and influence to lobby legislators to have the law amended to include their hospital. After that's done, they then, after the fact, try to have the new law, as amended, applied retroactively to a case that settled under the previous law. Your Honor, the fact that defendant went to the legislature, to the legislators at the legislature, to amend the law to include it after the fact is almost like a party admission that they had no cap on damages at the time. They had no immunity. I think we're talking about Act 278 of 2012. That's the statute the district court was interpreting. Yes, Your Honor. Liability limits to students, residents, pediatrics, neonatal specialists, and pediatricians, obstetricians, gynecologists, surgeons, period. It doesn't name the institution themselves. That's correct, Your Honor. And that was the law at the time that we settled the case. Now, I mean, we could go, there's an alternative argument even if they had immunity because we didn't sue the hospital, we sued the corporation. We sued them for vicarious liability. That's another issue. We don't need to go into that because they could simply not retroactively set aside a settlement. And, you know, it's inappropriate. It's almost a trickery to settle a case and then run to the legislature and try to get the law amended to set aside a settlement retroactively. That should not be allowed. The... I don't want to be repetitive of what we wrote in our brief. So, we'll just, unless the court has some questions, we will just request that the judge... How much was the settlement for? The total settlement was, I believe it was about $450,000.  This was not a case where we had a life care plan for future care. There were no lost earnings. It was a reasonable settlement for this kind of a case. The parents did not want to relive what happened to their child that died at the hospital in court. So, they sort of were satisfied with that number. And so, on behalf of the appellees, we would request of the Senate of the Court that the judgment be affirmed in this case. Is the settlement agreement in the record here? It should be. Would you like to look? It should have been included in the appellant's appendix. May I locate it? Please. Yeah, I've got it. It's Exhibit A, filed on 6.317. There's a partial judgment. The settlement agreement was stipulation, I believe. Okay. Counsel, thank you. Thank you. I didn't find the settlement agreement. Sorry. Thank you. It's in page 750 of the appendix. Yes. You might start by telling me why the settlement agreement doesn't take care of this case. Well, it's a settlement agreement, but it's kind of special. Because when we settled the case, who paid was the insurance company of Hospital San Antonio. But plaintiff wanted more money. So there was an issue that we maintained and did not waive to the liability cap. And it was like an agreement that the verdict was going to be then for the amount of $270,000. But you did a high-low and you reserved the right to appeal an issue, right? Well, I reserved the right to appeal, and the court, we have a liability to the court. So you entered into a settlement agreement. It provides a certain floor of money. It then has more money potentially on top of that, depending on how the appeal comes out. That's why you're here today. Yes. If I lose the case, I have to pay $105,000. If the liability is confirmed, I don't have to pay anything. And this was done with the court, with the judge. Because plaintiff was arguing and wanted to put in the settlement that was an advisory opinion. And it's not an advisory opinion, and that is why the court in this case treated Hospital San Antonio differently. And enter an adverse judgment. If you look for the appendix, there is a, in the addendum, there is an adverse judgment against Hospital San Antonio. And there is a dismissal according to the stipulations to the other party. So what we are, from what we are appealing is for an adverse judgment for the amount of $150,000, $105,000 over the liability cap. And I think that there is a case, it is a case of controversy. And again, plaintiff argued the lack of judicial advisory in the report. It's our opinion that that was discussed. And we have a last meeting with the judge the same day that was settled. And plaintiff waived because it was not included in the last settlement agreement. The lack of jurisdiction was not raised. Why? Because according to the other side of the court, there was an adverse judgment. Enter against Hospital San Antonio. I want to also address in the report that plaintiff is trying to allege bad faith. Well, the, when, the lobbying of this loss does not occur for one day. It has been done for a lot, a lot of time prior to the, to the settlement. And it's unfair to allege bad faith because what we had at that time, what we had is an adverse judgment. And maybe if we didn't have an adverse judgment, maybe the settlement was not for that much. And it's important that said allegations are not only meritless, but also groundless. Because the whole allegation is based on the premise as a spectator that the plaintiff would have preferred to go to trial knowing that the law, knowing that there was a bill with liability cap. How then, you know, if the best, the best, the best position for the hospital in that moment then was to delay the case or to go to trial. And, and then to, to continue arguing for not to settle the case. And the settlement, the settlement, the insurance company of the hospital paid $270,000 and the physician paid $75,000. I think it was a good settlement. In this case, there was an issue as to liability with three expert witnesses from this time. Thank you very much. Thank you all.